**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4000**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　　v.

MOHAMMED MARGA,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.　Richard D. Bennett, District Judge.
(1:09-cr-00166-RDB-2)

Submitted: February 17, 2011　　　Decided:　March 18, 2011

Before NIEMEYER, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore,
Maryland, for Appellant.　Rod J. Rosenstein, United States
Attorney, Rachel M. Yasser, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Mohammed Marga was convicted of conspiracy to distribute, and possess with intent to distribute, heroin, in violation of 21 U.S.C. § 846 (2006), and possession with intent to distribute heroin, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2010). The district court sentenced Marga to concurrent seventy-eight-month terms of imprisonment. Marga timely appealed, challenging a supplemental jury instruction given by the district court. For the reasons that follow, we affirm.

Marga's co-conspirator, Edward Aboagye, pled guilty pursuant to a plea agreement and subsequently agreed to testify against Marga. The Government introduced Aboagye's plea agreement into evidence without objection. This plea agreement contained stipulations of fact concerning the events that led to Aboagye's and Marga's arrests.

After the jury began deliberations, it sent the court a note asking how Aboagye's plea agreement applied to Marga's case and whether the stipulations in Aboagye's plea agreement applied to Marga. The court answered:

> [W]ith respect to the statement of facts in the plea agreement, the plea agreement having been introduced into evidence, that is just as to Mr. Aboagye's agreement of facts with the government. It is not in any way binding upon the defendant, Mr. Marga. It is what Mr. Aboagye says occurred and you can compare that with whatever you recall his testimony to be as

2

well. It is what he agrees are the facts of the matter with the government. It is not binding upon Mr. Marga and it is not a stipulation as to Mr. Marga . . . . This is strictly just the agreement that Aboagye reached with the government and what he agreed with the government were the facts as far as he was concerned and just as you judge his credibility in terms of his testimony, you judge this for whatever you desire it's [sic] worth. But these facts here in this plea agreement letter are not binding upon Mr. Marga and are not agreed to by Mr. Marga.

The sole issue on appeal is whether the district court erred in giving this instruction.

Because Marga did not object to this instruction in the district court, it is reviewed for plain error. United States v. Robinson, 627 F.3d 941, 953 (4th Cir. 2010). To establish plain error, Marga must show that an error occurred, the error was plain, and the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993).

The necessity, extent, and character of supplemental jury instructions are matters within the discretion of the district court. United States v. Horton, 921 F.2d 540, 547 (4th Cir. 1990). When evaluating the adequacy of supplemental jury instructions, we consider "whether the court addressed the jury's inquiry fairly and accurately without creating prejudice." United States v. Martinez, 136 F.3d 972, 977 (4th Cir. 1998).

Marga highlights the court's statement that the stipulations were "facts as far as [Aboagye] was concerned and

just as you judge his credibility in terms of his testimony, you judge this for whatever you desire it's [sic] worth," and contends that it erroneously invited the jury to draw an inference from the stipulations that Marga was guilty. However, "[l]anguage in jury instructions may not be viewed in isolation." United States v. Muse, 83 F.3d 672, 677 (4th Cir. 1996); Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1294 (4th Cir. 1995).

At the close of evidence at the trial, the court instructed the jury about Aboagye's guilty plea, admonishing the jurors not to draw conclusions or inferences about Marga's guilt from the fact that his co-defendant pled guilty. Additionally, the court cautioned the jury that Aboagye's agreement to testify in exchange for favorable treatment from the Government might impact his credibility, because such agreements give witnesses a motive to testify falsely.

During deliberations, when the jury asked the court how Aboagye's plea agreement and the stipulations contained therein applied to Marga's case, the court explained that the stipulations were Aboagye's version of the events and emphasized three times that they were not binding upon or agreed to by Marga. In explaining this to the jury, the court said that the stipulation was merely Aboagye's version of the facts and "just as you judge [Aboagye's] credibility in terms of his testimony,

4

you judge this [stipulation of facts] for whatever you desire it's [sic] worth." We conclude that the district court's initial and supplemental instructions, read as a whole, properly informed the jury that the plea agreement and stipulations were relevant to the jury's determination of Aboagye's credibility; the district court did not err, plainly or otherwise.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5